finality of his conviction, but argues that there has been no action taken on his petition for resentencing for a year and a half. ECF No. 22 at 2. That may be, but the statute of limitations for his federal habeas claims will not begin to run until his conviction has become final in state court. 28 U.S.C. § 2244(d). Thus, contrary to his contentions, he was not required to file this action to preserve his claims. He may seek federal review of his claims once his conviction has become final and he has exhausted his state court remedies.[1]

    For the foregoing reasons, I recommend that respondent's motion to dismiss, ECF No. 20, be GRANTED and the first amended petition be dismissed.

    These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   April 8, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] There are limited exceptions to the abstention doctrine in *Younger*. A federal court may intervene in state proceedings upon a showing of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 45. Petitioner bears the burden of establishing that his circumstances fit into this exception, and he has not alleged facts indicating that abstention should not apply. *See Woodfin Suite Hotels, LLC v. City of Emeryville*, Nos. C 07-1719 SBA, C 06-1254 SBA, 2007 U.S. Dist. LEXIS 44079, 2007 WL 1655792 at *3 (N.D. Cal. June 7, 2007) ("The plaintiff bears the burden to establish that an exception to *Younger* exists.").